UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FELIX DANIEL REYES,

                              Plaintiff,

              -against-

WESTCHESTER DEPARTMENT OF
CORRECTIONS,

                              Defendant.

**ORDER OF SERVICE**

25-CV-10845 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff, who currently is detained in the Westchester County Jail, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendant violated his federal constitutional rights. By order dated March 18, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] As set forth below, the Court (1) directs the Clerk of Court to add Correction Officer Lopez as a defendant in this action; and (2) directs service on the Westchester Department of Correction and Correction Officer Lopez.

## DISCUSSION

### A.    Correction Officer Lopez

Under Rule 21 of the Federal Rules of Civil Procedure, the Court, on its own motion, "may[,] at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). "Under this rule, courts have added individual defendants in actions whe[n] the complaint mentions them 'throughout the body of the [c]omplaint' as involved in the underlying alleged events." *Alexander v. City of New York*, No. 25-

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

CV-0284 (RA), 2025 WL 861377, at *1 (S.D.N.Y. Mar. 19, 2025) (quoting *George v. Westchester Cnty. Dep't of Corr.*, No. 20-CV-1723 (KMK), 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020) (second alteration in original)); *see also Truncale v. Universal Pictures Co.*, 82 F. Supp. 576, 578 (S.D.N.Y. 1949) ("In so far as [Rule 21] relates to the addition of parties, it is intended to permit the bringing in of a person who, through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable.").

The Court understands that, by mentioning Correction Officer Lopez in the complaint, and alleging facts suggesting Lopez was involved in the events giving rise to his claims, Plaintiff intended to name him as a defendant. Accordingly, and in light of Plaintiff's *pro se* status, the Court directs the Clerk of Court to add Correction Officer Lopez as a defendant in this action, under Rule 21. The addition of Correction Officer Lopez as a defendant is without prejudice to any defenses that this defendant may assert in this action.

**B.     Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Westchester Department of Correction and Correction Officer Lopez through the U.S. Marshals Service, the Clerk of Court is instructed

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service). Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court directs the Clerk of Court to add Correction Officer Lopez as a defendant in this action, under Rule 21.

The Court also directs the Clerk of Court to issue summonses for Defendants Westchester Department of Correction and Correction Officer Lopez, complete the USM-285 form with the address for each defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court further directs the Clerk of Court to mail an information package to Plaintiff.

SO ORDERED.

Dated:   March 20, 2026
         White Plains, New York

_____
         PHILIP M. HALPERN
         United States District Judge

3

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.      Westchester County Department of Correction
        10 Woods Road
        Valhalla, NY 10595

2.      Correction Officer Lopez
        Westchester County Jail
        10 Woods Road
        Valhalla, NY 10595